# EXHIBIT A

PAINESVILLE MUNICIPAL COURT

7 Richmond St., Box 601
Painesville, Ohio 44077

# SUMMONS IN CIVIL ACTION
(Rules 4 and 9)

\* \* \* \* \* \* \* \* \* \*

CASE NO: CVF 1801003

Reo, Anthony Domenic

               Plaintiff(s)

    -vs-

Titan Gas Llc

1931 Shoreline Drive
Missouri City, Texas 77459
               Defendant(s)

Lake County

Ohio

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**TO THE ABOVE-NAMED DEFENDANT(S):**

    You have been named defendant in a complaint filed in the Painesville Municipal Court by above-named Plaintiff(s). A copy of the complaint is attached hereto.

    You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record, a copy of your answer to this complaint within twenty-eight (28) days after the service of this summons upon you, exclusive of the date of service. **Your answer must also be filed with this Court within 28 days after service of this summons upon you.**

    If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

Plaintiff(s) Attorney:

Bryan Anthony Reo
P. O. Box 5100
Mentor, Oh 44060

PAINESVILLE MUNICIPAL COURT
Nicholas Cindric
Clerk of Court

By: _Angela [signature]_
    Deputy Clerk

Date Issued: Jun 7, 2018

STATE OF OHIO
IN THE PAINESVILLE MUNICIPAL COURT
CIVIL DIVISION

| | | |
|---|---|---|
| **ANTHONY DOMENIC REO**<br>7143 Rippling Brook Lane<br>Mentor, OH 44060<br><br>Plaintiff,<br><br>v.<br><br>**Titan Gas LLC**<br>1931 Shoreline Drive<br>Missouri City, Texas 77459-1684<br><br>Defendant. | Case No.<br><br>Hon. | PAINESVILLE<br>MUNICIPAL COURT<br><br>2018 JUN -5 P 1:21<br><br>NICHOLAS CINDRIC<br>CLERK OF COURT |

**REO LAW, LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*

### PLAINTIFF'S COMPLAINT

NOW COMES Anthony Domenic Reo (Plaintiff), by and through the undersigned attorney, and hereby propounds upon Titan Gas LLC (Defendant) and this Honorable Court Plaintiff's Complaint:

### I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Consumer Sales Practices Act, R.C. §§

1345.01 *et seq.* ("CSPA") and the Telephone Solicitation Sales Act, R.C §§ 4719.01 *et seq* ("TSSA").

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

3. Defendant is a limited liability company existing by and through the laws of the State of Texas, which does business in the State of Ohio. Defendant does business as Titan Gas LLC and solicits Ohio residents with commercial solicitations.

## III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 47 U.S.C. § 227. R.C. § 2305.01; 47 U.S.C. § 227(b)(3)(a).

5. This Court enjoys personal jurisdiction over Defendant because Defendant conducts business in the state of Ohio, and Defendant directed communications to Plaintiff with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

7. Plaintiff maintains at all times relevant to this Complaint a residential telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); to wit: (440) 352-6060.

8. Plaintiff's residential telephone line has been listed on the national Do Not Call Registry since before Defendant called Plaintiff's residential telephone line as detailed in this Complaint.

9. Defendant made telephone calls to Plaintiff's residential telephone from—but not limited to— telephone numbers: 330-842-6951.

10. Defendant's ATDS caused to be delivered recorded messages asking Plaintiff to contact Defendant at 888-992-8155 ext 123.

11. Defendant initially called Plaintiff throughout 2015 and 2016, despite "do not call" requests made by Plaintiff to Defendant during calls with live agents of Defendant on the line. Plaintiff made a do not call request on 6/10/2015 during a call from number 330-842-6951.

12. . Defendant also caused to be made at least one recorded call that took place on 8/16/2016 wherein Defendant delivered a recorded message to Plaintiff that attempted to mislead Plaintiff into believing he was dealing with IGS Energy and a bona fide local utility company. Defendant was since the subject of a complaint by the corporation that they were impersonating at that time.

13. Plaintiff recorded the entirety of the call from paragraphs 11 and 12 and will be entering a certified transcript of the recordings as evidence and using the recordings as evidence at any trial or hearing on this matter.

14. Defendant told Plaintiff that he could receive low cost utility services from IGS Energy ("IGS") and Defendant identified itself as IGS despite the fact it was using a number owned by Defendant and it was actually Defendant. Defendant's deceptive

3

tactics of impersonation resulted in IGS filing a complaint with the Public Utilities Commission of Ohio ("PUCO") against Defendant.

15. Defendant explicitly stated that were IGS and that Plaintiff would be paying higher costs unless Plaintiff decided to deal with Defendant and that Plaintiff's rate would go very high any given month despite the fact that Defendant was not IGS and Plaintiff's rate was not varying.

16. The recorded message left a number at which Defendant asked to be called back. Calling the number reached Defendant and not IGS.

17. Defendant used an Automated Telephone Dialing System ("ATDS"), which has the capability for predictive dialing, the storing and generating of random numbers for dialing, for all telephone calls as described in this Complaint. This is evidenced by the fact that the message was a recording and it was a standard recording reportedly received by many IGS customers and other individuals as was detailed in the IGS complaint made with PUCO against the Defendant.

18. All of Defendant's calls to Plaintiff occurred after Plaintiff's "do not call" request, and despite Plaintiff's number being on the national "do not call" registry.

19. Defendant called Plaintiff's residential telephone for the purpose of encouraging the purchase or rental of, or investment in, goods or services, which is transmitted to any person, thereby engaging in "telephone solicitation" as that term is defined by 47 U.S.C. § 227(a)(4).

20. Defendant regularly, on behalf of itself or others, engages in telephone solicitation as a matter of business practice.

4

21. All telephone calls made by Defendant to Plaintiff were intrusive, disruptive, and annoying.

22. Plaintiff does not have any relationship with Defendant and Plaintiff never provided Defendant with express consent for Defendant to call Plaintiff's residential telephone with ATDS and/or recorded voice messages; to the contrary Plaintiff made multiple requests in 2015 and 2016 that the calls cease.

23. All telephone calls made by Defendant to Plaintiff as described in this Complaint constitute commercial advertising.

24. Plaintiff further notes that, based upon information and belief, Defendant has not obtained a solicitor surety bond with the State Attorney General's office and could be subject to forfeiture proceedings by the State Attorney General.

25. As a result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA

26. Plaintiff incorporates by reference Paragraphs 1-25 and 39-55 of this Complaint as if each is set forth herein.

27. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

28. Defendant placed calls to Plaintiff's residential telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. §

227(b)(1)(A)(i), which had the natural consequence of utilizing Plaintiff's residential telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

29. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's residential telephone line when the recipient of the telephone call has informed the caller that they wish to not receive calls for a commercial purpose. 47 U.S.C. § 227(b)(2) and (3); 47 CFR 64.1200(d)(6).

30. Defendant caused to be delivered artificial and/or prerecorded voice messages to Plaintiff's residential telephone in violation of the TCPA. 47 U.S.C. § 227(b)(1)(B).

31. Defendant violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents.

32. Defendant violated 47 C.F.R. § 64.1200(d)(3) by failing to record a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents. Upon information and belief, Defendant failed to record Plaintiff's previous do not call requests.

33. Defendant violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telemarketing in compliance with do-not-call policies and requests; to wit: Defendant called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry. Upon information and belief, Defendant failed to properly train its personnel to record DNC requests and to maintain a DNC list.

34. Defendant violated the TCPA when Defendant called Plaintiff's residential telephone and violated provisions of the TCPA during said telephone calls.

35. Defendant negligently violated the TCPA in relation to Plaintiff.

36. As a result of Defendant's negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

37. In the alternative to the *scienter* of negligence, Defendant has willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law). In light of the fact that Defendant was impersonating IGS and was making highly deceptive calls that articulated clearly false and misleading statements of fact, it is reasonable to conclude the Defendant was acting willfully and knowingly.

38. Defendant committed five (5) violations of Count I of Plaintiff's Complaint. Each call consisted of a failure to honor a do-not call request, each call consisted of a failure to maintain a do not call list, and the recorded message call violated 47 U.S.C. § 227(b)(1)(B).

## COUNT II
## STATUTORY VIOLATIONS OF THE CSPA

39. Plaintiff incorporates by reference Paragraphs 1-38 and 48-55 of this Complaint as if each is set forth herein.

40. Defendant is a "person" as defined by R.C. § 1345.01(B).

7

41. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

42. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

43. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendant solicited Plaintiff via phone to purchase goods or services as detailed within this Complaint.

44. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with the TCPA and the regulations promulgated by the Federal Communication Commissions, as well as by Defendant explicitly identifying themselves as IGS Energy when indeed they were never IGS Energy. Also, each violation of the TCPA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA.

45. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the CSPA. R.C. § 1345.09(B).

46. Since Defendant knowingly committed an act or practice that violates the CSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F)(2).

47. Defendant committed at least sixteen (16) violations of the CSPA, with each TCPA, 47 CFR 64.1200(d) and TSSA violation being a per se violation of the CSPA

## COUNT III
## TELEPHONE SOLICITATION SALES ACT

48. Plaintiff incorporates by reference Paragraphs 1-47 and 53-54 and of this Complaint as if each is set forth herein.

8

49. Defendant told Plaintiff that he was dealing with IGS and that his rate was at risk of substantially increasing on a monthly basis unless he locked in a deal with Defendant. Defendant violated R.C. 4719.07.

50. Upon information and belief Plaintiff alleges that Defendant does not have the required certificate of registration issued by the Ohio State Attorney General's Office as required by R.C. 4719.02 to solicit Ohio consumers by telephone which is a per se violation of the TSSA and is deemed "unfair or deceptive" under R.C. 1345.02. A violation of the TSSA is also a per se violation of the OCSPA.

51. Finally, Plaintiff is entitled to punitive damages if Plaintiff can demonstrate that the Defendant acted and violated the TSSA in a knowing fashion.

52. Defendant violated the TSSA at least nine (9) times with each TCPA violation being a violation of the TSSA, two more TSSA violation occurring for the two deceptive calls detailed in this complaint, and two more additional TSSA violations for each of the two calls detailed in this complaint being made without a certificate of registration from the Ohio State Attorney General's Office to engage in telephone solicitation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

53. Enter judgment against Defendant in Plaintiff's favor in an amount of money that does not exceed fifteen thousand dollars ($15,000.00) for general damages, statutory damages, treble damages, punitive damages, exemplary damages, not inclusive of the award of attorney's fees pursuant to R.C. 4719.15(b) and R.C. § 1345.09(F) and the award of mandatory court costs (as provided by R.C. 4719.15(b).

54. Grant an injunction enjoining Defendant from contacting Plaintiff in the future with unlawful telemarketing calls.

55. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

                RESPECTFULLY SUBMITTED,

                */s/ Bryan Reo*

**REO LAW, LLC**
Bryan Anthony Reo (#97470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*

| | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| | A. Signature<br>X _[signature]_  ☐ Agent  ☐ Addressee |
| | B. Received by (Printed Name)  C. Date of Delivery 6/19/18 |

1. Article Addressed to:

   CVF 1801003           SUM

   TITAN GAS LLC
   1931 SHORELINE DRIVE
   MISSOURI CITY, TEXAS 77459

   D. Is delivery address different from item 1? ☐ Yes
      If YES, enter delivery address below:       ☐ No

   [Stamps: NICHOLAS CINDRIC CLERK OF COURT / PAINESVILLE MUNICIPAL COURT / JUN 19 '18]

9290 9901 8309 1403 3159 21

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☒ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery (over $500)

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

   9214 7900 1690 0100 1380 14

PS Form 3811, (facsimile) July 2015                    Domestic Return Receipt